UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPENCER SUTTON,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHRISTOPHER M. MORRIS, CRAIG L. LEONG, STEVEN D. FERRAZ, and DOES 1-25, inclusive,<br><br>    Defendants. | Case No: C 10-4563 SBA<br><br>**DISMISSAL ORDER** |

On October 1, 2012, Defendants City and County of San Francisco, Christopher M. Morris, Craig L. Leong, and Steven D. Ferraz (collectively, "Defendants") filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 87. Under Civil Local Rule 7-3(a), Plaintiff Spencer Sutton's ("Plaintiff") opposition or statement of non-opposition to the motion was due on October 18, 2012.[1]  Following Plaintiff's failure to file a timely response to Defendants' motion for summary judgment and his failure to appear at the settlement conference scheduled for November 7, 2012, the Court issued an Order to Show Cause directing Plaintiff to file a memorandum within fourteen (14) days of November 21, 2012 showing cause why the instant action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a Court order. Dkt. 91. To date, Plaintiff has not filed

---

[1] Under Civil Local Rule 7-3(a), any opposition to a motion must be filed and served not more than 14 days after the motion was filed. Where, as here, the motion was served by mail pursuant to Fed.R.Civ.P. 5(b)(2)(C), the deadline is extended by 3 days. N.D. Cal. Civ. L.R. 7-3(a).

a response to the Court's November 21, 2012 Order to Show Cause.  Nor has Plaintiff filed a response to Defendants' motion for summary judgment.

An action may be dismissed under Rule 41(b) for failure to prosecute or to comply with a Court order.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Defendants' motion for summary judgment, failing to appear at the November 7, 2012 settlement conference, and failing to respond to this Court's November 21, 2012 Order to Show Cause.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").  The Court cannot manage its docket if it maintains cases where, as here, a Plaintiff disregards Court

Orders and fails to prosecute his case.  The Court must devote its limited resources to cases in which the litigants are actually proceeding.

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id.  Here, Plaintiff has offered no explanation for his failure to respond to Defendants' motion for summary judgment, appear at the November 7, 2012 settlement conference, or respond to the Court's November 21, 2012 Order to Show Cause.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991-992.

As for the fourth factor, the Court has already considered less drastic alternatives to dismissal.  As noted, the Court afforded Plaintiff an opportunity to show cause why the instant action should not be dismissed and warned Plaintiff that his failure to comply with the Court's November 21, 2012   Order to Show Cause would be deemed sufficient grounds to dismiss this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b).  The Clerk shall close the file and terminate all pending matters.

- 4 -

1  IT IS SO ORDERED.

2  Dated: 12/10/12

3  _____
   SAUNDRA BROWN ARMSTRONG
4  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


SUTTON et al,

       Plaintiff,

 v.

CITY AND COUNTY OF SAN FRANCISCO ET AL et al,

       Defendant.
                                         /

Case Number: CV10-04563 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Spencer Sutton
c/o Margaret Nielson
3744 N.E. 75th Avenue
Portland, OR 97213

Dated: December 13, 2012

                                  Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk